NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARIA ARCELIA TOVAR-VASQUEZ,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

Respondent.

No.    14-72232

Agency No. A201-107-724

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 8, 2018
Seattle, Washington

Before: RAWLINSON and CHRISTEN, Circuit Judges, and FREUDENTHAL,[**]
Chief District Judge.

Maria Arcelia Tovar-Vasquez (Tovar-Vasquez), a native and citizen of

Mexico, petitions for review of an order of the Board of Immigration Appeals

(BIA) dismissing her appeal of a decision from an Immigration Judge denying

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]       The Honorable Nancy Freudenthal, Chief United States District Judge
for the District of Wyoming, sitting by designation.

asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

Tovar-Vasquez undoubtedly was subjected to persecution and torture in Mexico. Unfortunately, the persecution and torture were at the hands of her brother, who suffered from mental health issues and the effects of substance abuse. This record before the IJ reflects that Tovar-Vasquez was unable to establish any connection between the persecution she suffered and any protected ground.[1] *See I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (noting that a petitioner is entitled to asylum relief if she can establish persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion") (citations omitted). Consequently, the denial of asylum and withholding of removal was based on substantial evidence. *See id.* (reviewing for substantial evidence).

The denial of CAT relief was also supported by substantial evidence because Tovar-Vasquez failed to show that the government was unable or unwilling to intercede on her behalf. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016), *as amended*. As the BIA noted, Tovar-Vasquez testified that the police

---

[1]For this reason, we need not remand to the BIA under *Barajas-Ramero v. Sessions*, 846 F.3d 351 (9th Cir. 2017).

responded to her call for assistance following one assault by her brother, but she refused to press charges.  On this record, Tovar-Vasquez's CAT claim fails.

**PETITION DENIED.**